**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**NOLAN JOHNSON,**

       Plaintiff,

v.

**KAISER ALUMINUM CORP**., a foreign
corporation; and **KAISER ALUMINUM
FABRICATED PRODUCTS, LLC**, a foreign
limited liability company,

       Defendants.

_____/

Case No. 20-cv-385

**JURY DEMAND**

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Nolan Johnson, brings this Rule 23 Class and Collective Action Complaint against Defendant, Kaiser Aluminum Corporation ("Kaiser Corp.") and Kaiser Aluminum Fabricated Products, LLC ("Kaiser LLC" together with Kaiser Corp., "Defendants"), pursuant to the Americans with Disabilities Act ("ADA") the Michigan Persons with Disability Civil Rights Act ("PWDCRA,"), MCL §37.1101, and the Family Medical Leave Act ("FMLA").

## PRELIMINARY STATEMENT

1.      The FMLA provides eligible employees with job-protected leave for serious health conditions.   *See* 26 U.S.C. § 2612(a)(1).   The FMLA was enacted because Congress determined that "there is inadequate job security for employees who have serious health conditions that prevent them for working for temporary periods." 29 U.S.C. § 2601(a)(4).   Once an employer receives notice of an employee's need for medical leave, an employer has the obligation to further inquire to ascertain whether leave is for an FMLA-qualifying reason. *See Barrett v. Detroit Heading, LLC*, 311 F. App'x 779, 790-791 (6th Cir. 2009).

2.      The ADA is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation.  *See* 42 U.S.C. § 12101(a)(1)-(8).  The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace on account of a real or perceived mental or physical disability, or for asking for a reasonable accommodation related to the disability.  42 U.S.C. § 12112.  Moreover, when an employee requests an accommodation for a disability, an employer has a duty to engage in an interactive process to identify reasonable accommodations for that employee. *See Mosby-Meachem v. Memphis Light, Gas & Water Div*., 883 F.3d 595, 605 (6th Cir. 2018) (internal citations omitted).

3.      Defendants maintain a Companywide "No Fault Attendance Policy" (hereinafter "Policy") which provides that employees are to receive disciplinary attendance points for days they are absent despite providing a doctor's note and without regard to whether the leave is protected under the ADA or FMLA.

4.      Defendants' employees are reprimanded for taking sick leave through its Policy, even when the employees provide Defendant with a doctor's note despite such leave being protected by the ADA or the FMLA.

5.      Plaintiff, Nolan Johnson, suffered from a disability.  Plaintiff sought medical leave, and provided Defendants with adequate notice of his disability/medical condition, which includes providing Defendants with several doctor's notes.  Defendants reprimanded Plaintiff for taking medical leave by giving him disciplinary attendance points for days he was out of work on medical leave, even though Plaintiff provided Defendants with medical documentation

concerning these days.  Ultimately, Plaintiff was terminated from employment for violating Defendants' illegal Policy, which reprimands its employees for taking job-protected medical leave.

6.     Plaintiff is similarly-situated to the class and collective action members, who are/were subjected to adverse employment actions based on violations of Defendants' illegal Policy.

## JURISDICTION AND VENUE

7.     The Court has original jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331 because this Complaint includes a claim for violations of the FMLA and the ADA.

8.     The Court has supplemental jurisdiction over Plaintiff's PWDCRA claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's FMLA and ADA claims that they form part of the same case or controversy.

9.     Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred within the Southern Division of the Western District of Michigan, Defendant conducts substantial and not isolated business within the Southern Division of the Western District of Michigan, Defendant has agents and employees in the Southern Division of the Western District of Michigan, and Defendant's business is located within Kalamazoo County.

## CONDITIONS PRECEDENT

10.     Plaintiff has exhausted his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on October 25, 2019.

11.     On November 4, 2019, the EEOC issued Plaintiff a Dismissal and Notice of Right

to Sue against Defendant with regard to this matter. A copy of this Right to Sue letter is attached as **Exhibit A**.

12.     The parties in this matter entered into tolling agreements to extend the filing deadline of this matter to May 4, 2020.

13.     All conditions precedent to this action have been satisfied and/or waived.

**<u>PARTIES</u>**

14.     Plaintiff is a resident of the State of Michigan and resides in Kalamazoo County.

15.     Defendant Kaiser Aluminum Corporation is a foreign corporation with its principal place of business in Foothill Ranch, California.

16.     Kaiser Corp serves customers nationwide, directly and through various divisions, subsidiaries and affiliates, however constituted.

17.     Kaiser Corp is a covered employer under the FMLA and acted as such in relation to Plaintiff.

18.     Kaiser Corp is a covered employer under the ADA and acted as such in relation to Plaintiff.

19.     Kaiser Corp is a covered employer under the PWDCRA and acted as such in relation to Plaintiff.

20.     Defendant Kaiser Aluminum Fabricated Products LLC is a Foreign Limited Liability Company with its principle place of business in Richardson, Texas.

21.     Kaiser LLC is a covered employer under the FMLA and acted as such in relation to Plaintiff.

22.     Kaiser LLC is a covered employer under the ADA and acted as such in relation to Plaintiff.

23.     Kaiser LLC is a covered employer under the PWDCRA and acted as such in relation to Plaintiff.

24.     On information and belief, Kaiser Corp. and Kaiser LLC acted in all respects material to this action as the agent of the other, carried out a joint scheme, business plan or policy in material respects hereto, and the acts of Kaiser Corp and Kaiser LLC are legally attributable to each other.

25.     The unlawful acts alleged in this Complaint were committed by Defendants and/or Defendants' officers, agents, employees, or representatives, while actively engaged in the management of Defendants' business or affairs and with the authorization of the Defendants.

26.     Kaiser Corp., parent company to Kaiser LLC, advertises for all of its affiliated entities or divisions through its website www.KaiserAluminum.com (last visited May 4, 2020). Kaiser boasts that it operates 12 production facilities across North America, and that collectively, the facilities allow Kaiser Corp. to produce an impressive range of value-added plate, sheet and extruded products for major suppliers and manufacturers in the aerospace, automotive and industrial markets. *Id.*

27.     The company's facilities are advertised together under the North American manufacturing facilities pages, and currently produce "600 million pounds of product annually." www.kaiseraluminum.com/about-us/facilities/ (last visited May 4, 2020).

28.     On information and belief, Kaiser LLC operates within Kaiser Corp as a wholly owned entity, and together, the Defendants have over 1,000 employees and operate nationally and internationally.

29.     On information and belief, all of these employees are subjected to companywide policies and procedures including the Policy at issue in this Complaint.

30.   Defendants operate as one entity despite separate corporate forms.

31.   Defendants agreed to allocate responsibility for, or otherwise codetermined key terms and conditions of the Plaintiff's work and jointly administered training, job duties, and job assignments.  The entities combined influence over the terms and conditions of the Plaintiff's employment renders the Plaintiff an employee of all the Defendants.

32.   Upon information and belief, Defendants operate the Defendants business enterprise out of their headquarters in California.

33.   Upon information and belief, Defendants utilize a holding company structure.

34.   Upon information and belief, Defendants utilize different named entities in different states to operate their aluminum fabrication facilities.

35.   However, these entities are jointly operated out of headquarters in California and Texas and have common officers and directors, states of incorporation, and listed principal places of business.

36.   Upon information and belief, Defendants business is a centralized, top-down operation controlled by Kaiser Corp.

37.   Upon information and belief, there is common ownership between the Defendants, as Kaiser LLC is a all wholly owned subsidiary of Kaiser Corp.

38.   Upon information and belief, the Defendants jointly determine, share or allocate responsibility for payroll matters.

39.   Upon information and belief, the Defendants jointly determine, share or allocate responsibility for workers' compensation insurance matters.

40.   Upon information and belief, the Defendants jointly determine, share or allocate responsibility for payroll tax matters.

41.   Upon information and belief, the Defendants jointly determine, share or allocate responsibility for human resources matters, including but not limited to the hiring and firing of employees.

42.   Upon information and belief, the Defendants jointly determine, share or allocate responsibility for marketing/advertising matters.

43.   It is clear that Defendants fulfill their manufacturing obligations as one common business enterprise with a common business purpose of producing complex plate, sheet, and extruded product including extruded shapes, rod, bar, tube, forge stock, and wire.

44.   Plaintiff in this action was jointly employed by the Defendants under the statutes he is moving under and has standing to bring his claims against Defendants.

45.   Defendants, Kaiser Corp and Kaiser LLC, in conjunction with their respective parents, divisions, subsidiaries or affiliates in the United States, however such divisions, subsidiaries or affiliates are constituted, have at material times done business under the name of Kaiser Aluminum in the United States and internationally.

46.   These Defendant entities directly or indirectly acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms and conditions of employment and compensation of Plaintiff.

47.   Defendants, Kaiser Corp. and Kaiser LLC, and each of their respective parents, divisions, subsidiaries or affiliates, however constituted, were joint employers of Plaintiff in their respective territory or territories because each, respective parent, division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff.

48.   Kaiser Corp and Kaiser LLC, and each of their respective parents, divisions, subsidiaries or affiliates, however constituted for all nationwide location(s) at issue, were joint

employers of the Plaintiff in their respective territories because they commonly controlled the terms of compensation and conditions of employment of Plaintiff and are not completely disassociated with respect to the terms of compensation and conditions of employment of Plaintiff.

49. Defendants, Kaiser Corp and Kaiser LLC, directly or indirectly acted in the interest of an employer toward Plaintiff at locations in the United States at all material times, including without limitation directly or indirectly controlling the terms and conditions of employment and compensation of Plaintiff.

50. At all relevant times, Plaintiff was an "employee" of Defendants within the meaning of the FMLA, ADA, and PWDCRA.

51. At all relevant times, Defendants were an "employer" covered under the FMLA, ADA, and PWDCRA.

52. At all relevant times, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by Defendant for at least 12 months and worked at least 1,250 hours during the 12-month period prior to him seeking to exercise his rights to FMLA leave.

53. At all relevant times, Defendants were an employer/joint employer covered by the FMLA because it engaged in commerce or in an industry affecting commerce which employed 50 or more employees for each working day during each of 20 or more calendar workweeks during the relevant time period.

54. At all relevant times, Plaintiff worked at a location where Defendants employed 50 or more employees within 75 miles.

55. At all relevant times, Plaintiff was an individual with a disability within the

meaning of the ADA and PWDCRA.

56.    Specifically, Plaintiff suffered from lower back pain and sciatica as a result of a work related injury where he slipped on an oil soaked pad, thereby substantially limiting Plaintiff in major life activities.  Plaintiff made this disability known to Defendant, and requested an accommodation in the form of medical leave for this disability and serious health condition.

57.    At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA and PWDCRA because Plaintiff had a disability and was perceived by Defendant as having a disability that substantially limited him in one or more major life activities.

<u>**STATEMENT OF FACTS**</u>

58.    Plaintiff began his employment with Defendants in approximately October 2017.

59.    Plaintiff worked for Defendants as a Die Shop Technician.

60.    Throughout the duration of his employment, Plaintiff did not receive any negative performance evaluation.

61.    Throughout his employment, Plaintiff was subject to Defendants' Policy.

62.    In January and June 2019, Plaintiff injured his back, thereby substantially limiting Plaintiff in major life activities.

63.    Plaintiff's back injury constitutes a disability as defined by the ADA and PWDCRA.

64.    Plaintiff's back injury constitutes a serious health condition as defined by the FMLA.

65.    Plaintiff submitted doctor's notes to Defendants concerning his disability and serious health condition.

66.     Defendants were on notice of Plaintiff's disability and serious health condition.

67.     Defendants were on notice of Plaintiff's requests for accommodations, including his requests for medical leave from work on several occasions in 2019.

68.     Plaintiff and/or his physician provided Defendants with medical documentation concerning Plaintiff's disability and serious health condition.

69.     In accordance with Defendants' Policy, Plaintiff received disciplinary attendance points for days that he was out of work on medical leave.

70.     Defendants failed to engage in the interactive process, and otherwise interfered with Plaintiff's medical leave by subjecting him to disciplinary write-ups for engaging in a protected activity.

71.     Defendants denied Plaintiff's requests for accommodation.

72.     Defendants' Policy had a disparate impact on Plaintiff.

73.     As evident by Plaintiff's personnel file, Defendants did not provide Plaintiff with the required documentation and notice concerning his eligibility and rights for medical leave and/or Defendants' illegal Policy.

74.     To the extent Plaintiff was entitled to intermittent FMLA leave, Defendants' request for medical documentation for every subsequent leave constitutes interference.

75.     Plaintiff objected to Defendants' Policy.

76.     Defendants retaliated against Plaintiff, issued him a "final written warning" based on Defendants' Policy, and advised him that he accumulated attendance points for the days he was on protected medical leave and that if he received one more point, he would be terminated.

77.     Plaintiff was issued additional attendance points for days he was out on medical leave, despite the fact that Plaintiff submitted medical documentation for these days.

78.     Plaintiff objected to the issuance of disciplinary points while on medical leave.

79.     On July 12, 2019, Plaintiff requested and took medical leave as an accommodation for his disability and serious health condition, and provided medical documentation for same.

80.     On July 17, 2019, Plaintiff was terminated from employment, effective July 13, 2019, based on violations of Defendants' Policy.

81.     Plaintiff was terminated for violating Defendants' illegal Policy, where Plaintiff submitted medical documentation for his medical leave.

**COUNT I**
**INTERFERENCE, RESTRAINT, AND DENIAL OF THE EXERCISE**
**OF RIGHTS UNDER THE FMLA**

82.     Plaintiff re-alleges and adopts the allegations in paragraphs 1-81 above as if fully set forth herein.

83.     At all relevant times, Plaintiff was eligible for FMLA-covered leave.

84.     Defendants were Plaintiff's employer as defined by the FMLA.

85.     Defendants were made aware that Plaintiff's injury required medical leave for an FMLA-qualifying reason.

86.     Plaintiff provided Defendants with the appropriate notice concerning his FMLA qualifying serious health condition.

87.     Plaintiff requested medical leave.

88.     Defendants refused to allow Plaintiff to exercise his rights under the FMLA.

89.     Defendants did not further inquire into whether Plaintiff's medical leaves qualified under the FMLA.

90.     Defendants did not provide Plaintiff with any of the required notice or

documentation concerning his FMLA rights.

91.     Defendants provided Plaintiff with disciplinary attendance points for days he was out on medical leave in accordance with Defendants' illegal Policy.

92.     Defendants' acts and omissions constitute interference, restraint, and denial of the exercise of rights in violation of the FMLA.

93.     Defendants' violations of the FMLA were willful.

94.     As a direct, natural, proximate and foreseeable result of Defendants' intentional, willful, and unlawful acts, Plaintiff has suffered damages for which he is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, other non-pecuniary losses, and reasonable attorneys' fees and costs.

95.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

96.     Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT II
## DISCRIMINATION AND RETALIATION UNDER THE FMLA

97.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-81 above as if fully set forth herein.

98.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

99.     Plaintiff provided Defendants with the appropriate notice concerning his FMLA qualifying serious health condition.

100.    Plaintiff submitted requests for medical leave to Defendants.

101.    Defendants discriminated and/or retaliated against Plaintiff because he exercised his

rights under the FMLA.

102.    Defendants' acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

103.    Defendants' discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for medical leave.

104.    Defendants' conduct violated Plaintiff's right to be free from discrimination/ retaliation as guaranteed by the FMLA.

105.    Defendants' violations of the FMLA were willful.

106.    As a direct, natural, proximate and foreseeable result of the actions of Defendants, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, liquidated damages, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

107.    Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

108.    Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADA

109.    Plaintiff realleges and reincorporates paragraphs 1 to 81 as if fully set forth herein.

110.    During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the ADA.

111.    Plaintiff opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to disparate

treatment, harassment, hostile work environment and/or discrimination on the basis of his disability, as set forth herein.

112.    Defendants subjected Plaintiff to disparate treatment and  termination, as set forth herein, in whole or in part because of his disability and/or his request for reasonable accommodations for his disability, said acts being made unlawful by the ADA, 42 U.S.C. § 12101 *et seq*.

113.    Under the ADA, the Defendants were legally obligated to refrain from discriminating against Plaintiff because of his disability.

114.    Notwithstanding this obligation under the ADA and in willful violation thereof, Defendants discriminated against Plaintiff because of his disability, his record of disability, and/or because it perceived Plaintiff as disabled.

115.    Defendants violated the aforementioned ADA by, *inter alia*, the following acts:

a.    Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his disability and/or requests for accommodation;

b.    Denying employment opportunities to Plaintiff based on the need of Defendants to make reasonable accommodation for Plaintiff's disability;

c.    Denying employment opportunities to Plaintiff because of his disability and/or requests for accommodation; and/or

d.     Subjecting Plaintiff to disparate treatment and/or harassment on the basis of his disability and/or requests for accommodation.

116.    Defendants engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

117.    As a direct and proximate result of Defendants' violation of the ADA, Plaintiff has suffered aggravation of his disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

118.    As a result of the disability discrimination, Plaintiff has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE ADA**

119.    Plaintiff realleges and reincorporates paragraphs 1-81 as if fully set forth herein.

120.    During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the ADA.

121.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of his disability.

122.    Defendants retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

123.    During the time Plaintiff was employed by Defendants, he exercised and/or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for his disability, as set forth herein.

124.    Defendants interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

125.    Defendants terminated Plaintiff's employment immediately after he exercised a

right afforded under ADA.

126.     Under the ADA, Defendants were legally obligated to refrain from retaliating against Plaintiff because of his request for accommodation of medical leave for his disability.

127.     Notwithstanding this obligation under the ADA and in willful violation thereof, Defendants retaliated against Plaintiff because he requested reasonable accommodations.

128.     As a direct and proximate result of Defendants' retaliation and  interference in violation of the ADA, Plaintiff has suffered aggravation of his disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

129.     As a further direct and proximate result of Defendants' retaliation and interference in violation of the ADA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT V**
**DISCRIMINATION IN VIOLATION OF THE PWDCRA**

130.     Plaintiff realleges and reincorporates paragraphs 1 to 81 as if fully set forth herein.

131.     During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the PWDCRA, Plaintiff opposed acts and practices made unlawful by PWDCRA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to disparate treatment, harassment, hostile work environment and/or discrimination on the basis of his disability, as set forth herein.

132.    Defendants subjected Plaintiff to disparate treatment and  termination, as set forth herein, in whole or in part because of his disability and/or his request for reasonable accommodations for his disability, said acts being made unlawful by PWDCRA, M.C.L. § 37.1101, et seq.

133.    Under Michigan's PWDCRA, the Defendants were legally obligated to refrain from discriminating against Plaintiff because of his disability.

134.    Notwithstanding this obligation under the PWDCRA and in willful violation thereof, Defendants discriminated against Plaintiff because of his disability, his record of disability, and/or because it perceived Plaintiff as disabled.

135.    Defendants violated the aforementioned PWDCRA by, *inter alia*, the following acts:

   a.    Discharging or otherwise limiting, segregating, or classifying Plaintiff in a way that adversely affected the opportunities or status of Plaintiff because of his disability and/or requests for accommodation;

   b.    Denying employment opportunities to Plaintiff based on the need of Defendants to make reasonable accommodation for Plaintiff's disability;

   c.    Denying employment opportunities to Plaintiff because of his disability and/or requests for accommodation; and/or

   d.     Subjecting Plaintiff to disparate treatment and/or harassment on the basis of his disability and/or requests for accommodation.

136.    Defendants engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff.

137.    As a direct and proximate result of Defendants' violation of the PWDCRA

Plaintiff has suffered aggravation of his disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

138.    As a result of the disability discrimination, Plaintiff has experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

**COUNT VI**
**RETALIATION IN VIOLATION OF THE PWDCRA**

139.    Plaintiff realleges and reincorporates paragraphs 1 to 81 as if fully set forth herein.

140.    During the time Plaintiff was employed by Defendants, Plaintiff engaged in protected activity under the PWDCRA.

141.    Plaintiff also opposed acts and practices made unlawful by the PWDCRA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to disparate treatment, harassment, and/or discrimination on the basis of his disability.

142.    Defendants retaliated and discriminated against Plaintiff for engaging in said protected activity, as set forth herein.

143.    During the time Plaintiff was employed by Defendants, he exercised and/or enjoyed rights granted and/or protected by the PWDCRA, including, but not limited to, requesting and making use of reasonable accommodations for his disability, as set forth herein.

144.    Defendants interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the PWDCRA.

145.    Defendants terminated Plaintiff's employment immediately after he exercised a

right afforded under PWDCRA.

146.    Under the PWDCRA, Defendants were legally obligated to refrain from retaliating against Plaintiff because of his request for accommodation for his disability.

147.    Notwithstanding this obligation under the PWDCRA and in willful violation thereof, Defendants retaliated against Plaintiff because he requested a reasonable accommodation of a medical leave of absence.

148.    As a direct and proximate result of Defendants' retaliation and  interference in violation of the PWDCRA, Plaintiff has suffered aggravation of his disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

149.    As a further direct and proximate result of Defendants' retaliation and interference in violation of the PWDCRA, Plaintiff has been placed in financial distress and has suffered a loss of earnings and benefits, a loss and impairment of his earning capacity and ability to work, and will so suffer in the future; he has been required to employ the services of an attorney to bring this lawsuit and will suffer additional damages in the future.

**COUNT VII**
**VIOLATION OF THE ADA (CLASS CLAIMS)**

150.    Plaintiff realleges and reincorporates paragraphs 1 to 81 as if fully set forth herein.

151.    Defendants engaged in a continuing course of unlawful employment practices in violation of the ADA as described herein.

152.    Plaintiff and a class of current and former employees have disabilities within the meaning of the ADA, and are qualified individuals with disabilities under the ADA who sought

leave as a reasonable accommodation from Defendants related to their disabilities, or who otherwise required taking leave from work, in relation to their disabilities.

153. At all relevant times, Defendants have and continue to enforce the No-Fault Attendance Policy which provides that employees will receive disciplinary points for absences incurred. The Policy even disciplines those who are absent from work despite having medical documentation in support of those absences.

154. Defendants' Policy has a disparate impact on individuals covered under the ADA.

155. Employees with disabilities and who require medical leave as accommodations are not exempt from Defendants' Policy which has a discriminatory impact on individuals covered under the ADA.

156. In the application of its Policy, Defendants utilize standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.

157. In the application of its Policy, Defendants do not make provisions to reasonably accommodate employees with absences covered under the ADA who incur absences as a result of their disabilities, despite accommodation requests made by such ADA protected employees. Through policy and practice, Defendants have subjected a class of qualified individuals with disabilities to denial of reasonable accommodation, discipline, discharge, and other adverse employment consequences in violation of the ADA.

158. The effect of the Policy has deprived Plaintiff and a class of current and former employees covered by the ADA, equal employment opportunities and adversely affects their status as employees because of their disabilities.

159. Defendants engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff and others.

160.    As a direct and proximate result of Defendants' violation of the ADA, Plaintiff and a class of current and former employees have suffered aggravation of their disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

161.    As a result of the disability discrimination, Plaintiff and a class of current and former employees have experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

## COUNT VIII
## VIOLATION OF THE PWDCRA (CLASS CLAIMS)

162.    Plaintiff realleges and reincorporates paragraphs 1 to 81 as if fully set forth herein.

163.    Defendants engaged in a continuing course of unlawful employment practices in violation of the PWDCRA as described herein.

164.    Plaintiff and a class of current and former employees have disabilities within the meaning of the PWDCRA, and are qualified individuals with disabilities under the PWDCRA who sought leave as a reasonable accommodation from Defendants related to their disabilities, or who otherwise required taking leave from work, in relation to their disabilities.

165.    At all relevant times, Defendants have and continue to enforce the No-Fault Attendance Policy which provides that employees will receive disciplinary points for absences incurred. The Policy even disciplines those who are absent from work despite having medical documentation in support of those absences.

166.    Defendants' Policy has a disparate impact on individuals covered under the

PWDCRA.

167.  Employees with disabilities and who require medical leave as accommodations are not exempt from Defendants' Policy which has a discriminatory impact on individuals covered under the PWDCRA.

168.  In the application of its Policy, Defendants utilize standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.

169.  In the application of its Policy, Defendants do not make provisions to reasonably accommodate employees with absences covered under the PWDCRA who incur absences as a result of their disabilities, despite accommodation requests made by such PWDCRA protected employees.  Through policy and practice, Defendants have subjected a class of qualified individuals with disabilities to denial of reasonable accommodation, discipline, discharge, and other adverse employment consequences in violation of the PWDCRA.

170.  The effect of the Policy has deprived Plaintiff and a class of current and former employees covered by the PWDCRA, equal employment opportunities and adversely affects their status as employees because of their disabilities.

171.  Defendants engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff and others.

172.  As a direct and proximate result of Defendants' violation of the PWDCRA, Plaintiff and a class of current and former employees have suffered aggravation of their disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

173.  As a result of the disability discrimination, Plaintiff and a class of current and

former employees have experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

**COUNT VIII**
**VIOLATION OF THE FMLA (CLASS AND/OR**
**COLLECTIVE ACTION CLAIMS)**

174.   Plaintiff realleges and reincorporates paragraphs 1 to 81 as if fully set forth herein.

175.   Defendants have engaged in a continuing course of unlawful employment practices in violation of the FMLA as described herein.

176.   Plaintiff and current/former employees have sought FMLA-covered leaves from Defendants for serious health conditions.

177.   At all relevant times, Defendants have and continue to enforce the No-Fault Attendance Policy which provides that employees will receive disciplinary points for absences incurred. The Policy even disciplines those who are absent from work despite having medical documentation in support of medical leave that is covered by the FMLA.

178.   Defendant's Policy interferes with the FMLA leave rights of covered individuals.

179.   The FMLA claims involve published HR policies.

180.   The FMLA claims involve a uniform practice of failing to include certain days of leave where a doctor's note was obtained as exempt from the No-Fault Attendance Policy resulting in attendance points accruing against otherwise protected employees.

181.   As a result, there are questions of law or fact common to the putative class.

182.   As an employee who was subject to the Policy and incurred attendance points despite qualifying for FMLA, Plaintiff's claims are typical of the claims of the putative class

and/or collective.

183.     Plaintiff will fairly and adequately protect the interest of the class.

184.     Since the issues involved in this case relate to the interpretation of published HR policies, the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action and/or collective action is superior to other available methods for the fair and efficient adjudication of this controversy. See Fed. R. Civ. Proc. 23(b)(3).

185.      Class action and/or collective action treatment is otherwise appropriate.

186.     Defendants engaged in said discriminatory practices with malice or reckless indifference to the protected rights of Plaintiff and others and said violations were willful.

187.     As a result of the violations of the FMLA, Plaintiff and a class of current and former employees have experienced and will continue to experience economic damages, including lost wages and benefits, and other forms of economic and non-economic damages, including emotional distress, anguish, and pain and suffering.

188.     As a direct and proximate result of Defendants' violation of the FMLA, Plaintiff and a class of current and former employees have suffered aggravation of their disability and its symptoms, depression, anxiety, emotional and physical distress, mental and physical anguish, loss of reputation, humiliation and embarrassment and the physical effects associated therewith, and will so suffer in the future.

## **REQUEST FOR RELIEF**

189.     WHEREFORE, Plaintiff prays for damages in an amount to be determined at trial, together with interest, cost of suit, attorneys' fees, and all such other relief as the court deems just and proper which include:

e.     Declare that the aforementioned practices and actions of Defendants, including Defendants' Policy, constitute unlawful employment practices in violation of the FMLA, ADA, and PWDCRA.

f.     Award Plaintiff and class of current and former employees all lost wages, past and future, and other monetary damages to which he is entitled to including interest;

g.     Award Plaintiff and class of current and former employees compensatory damages;

h.     Award Plaintiff and class of current and former employees liquidated damages pursuant to the FMLA;

i.     Award Plaintiff and class of current and former employees punitive and exemplary damages;

j.     Award Plaintiff's counsel reasonable attorney's fees, costs, and interest;

k.     Award Plaintiff and class of current and former employees equitable relief including, but not limited to: an injunction directing Defendants to cease their discriminatory conduct and practices, including Defendants' illegal Policy; full reinstatement to their employment with Defendants; and injunctive relief directing Defendants to provide Plaintiff and the class members with their requested reasonable accommodations within a reasonable time; and

l.     Award such other relief as this Court deems just and proper and any other relief afforded under the FMLA, ADA, and PWDCRA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

*/s/ Michael N. Hanna*
Michael N. Hanna
Michigan Bar No.: P81462
Florida Bar No.: 85035
**MORGAN & MORGAN, P.A**
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

*Attorneys for Plaintiff*

Dated: May 4, 2020